# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-332-R |
| | ) | |
| JACKIE LASHELL LASTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Following the convictions of Defendants Tiffany Laster and Jackie Laster, Plaintiff filed separate motions for preliminary forfeiture addressing certain property located at 1101 S.E. 21st Street, Oklahoma City, Oklahoma, both of which were granted. (Doc. Nos. 264, 266, 297, 299). In accordance with 21 U.S.C. § 853(n), third-party Erika Boyce filed a petition for hearing, requesting a hearing to adjudicate her interest in the forfeited property. According to Ms. Boyce, she holds a superior right in the property by virtue of an October 2014 transfer of title from her family members, Defendants Tiffany and Jackie Laster. The Plaintiff has filed a Motion to Dismiss Claimant's Petition for Hearing. (Doc. No. 326), to which no response has been received. The Court has considered the parties' submissions, and finds as follows.

A criminal ancillary proceeding is the forum for determining whether a third party has a legal interest in property subjected to a preliminary forfeiture order. These ancillary procedures are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2(c). As was done here, a third party seeking to establish an interest in property subject to criminal

forfeiture must file a petition asserting a legal interest in the property. The petition must be signed under penalty of perjury and should set forth the extent of her right, title, or interest therein, the time and circumstances of her acquisition of the right, title, or interest in the property, and any additional facts supporting her claim. *See* 21 U.S.C. § 853(n)(3). Generally, section 853(n) provides for a hearing to determine whether the petitioner has established legal right, title or interest in the property that renders forfeiture invalid or that the petition was a bona fide purchaser for value without cause to believe the property was subject to forfeiture.

Rule 32.2(c)(1)(A) of the Federal Rules of Civil Procedure, however provides an alternative to the hearing requirement. It permits, in relevant part that the Court may on a motion, "dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." The United States has filed a Rule 32.2(c)(1)(A) motion, asserting that Ms. Boyce both lacks standing because she has not sufficiently alleged that she had a legal right, title or interest in the property or that she was a bona fide purchaser. The United States further contends Ms. Boyce has failed to sufficiently state a claim, even if the Court were to conclude she has alleged facts to establishing standing to challenge the preliminary order of forfeiture.

Ms. Boyce, as Petitioner, bears the burden of establishing that she has standing in this ancillary proceeding. *United States v. Ceballos-Lepe*, 977 F.Supp.2d 1085, 1088 (D.Utah 2013); United *States v. Brinton*, 880 F.Supp.2d 1158, 1159 (D.Utah 2012)(citing *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir.1999)). "If a third party fails to

allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *Brinton*, 880 F.Supp.2d at 1159–60 (quoting *United States v. BCCI Holdings*, 919 F.Supp. 31, 36 (D.D.C.1996)).

21 U.S.C. § 853 limits standing in ancillary forfeiture proceedings to two groups as set forth in 21 U.S.C. §§ 853(n)(6)(A) and 853(n)(6)(B). Pursuant to § 853(n)(6)(A), if a petitioner can establish that her "legal interest in the property [was] superior to the defendants at the time the interest of the United States vested through the commission of the act giving rise to the forfeiture" she will have standing to challenge the initial order. Section 853(n)(6)(B) grants standing to a "bona fide purchaser for value without knowledge of the forfeitability of the defendant's assets." *United States v. Campos*, 859 F.2d 1233, 1239 (6th Cir.1988); *see also United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir.2003). Ms. Boyce's petition essentially concedes she was not a bona fide purchaser for value. "Erika Boyce was given the Title so that when her family passed, she wouldn't have to go through probate." Petition, ¶ 2. The Court must accept this allegation as true, and thus, the only potential basis for Ms. Boyce to assert standing is under the provisions of § 853(n)(6)(A).

The petition asserts Ms. Boyce obtained the property via a title transferred in October 2014, without providing a more specific date. The government's interest in the Property vested when Brinton committed his criminal acts. 21 U.S.C. § 853(c). As noted above, she must allege that her interest was superior to the Defendants' at the time of the commission of the acts giving rise to the forfeiture, here the conspiracy to possess with the intent to

distribute and to distribute cocaine base.[1] The Superseding Indictments against both Defendants Tiffany Laster and Jackie Laster allege that from on or about June 29, 2010 and continuously thereafter until on or about October 7, 2014, each conspired to possess with intent to distribute and to distribute approximately 28 grams or more of a mixture of substance containing cocaine base. In their guilty pleas both Defendants admitted the property was involved in the drug conspiracy. Therefore, on June 29, 2010, the government's interest in the property vested. *Brinton*, 880 F.Supp.2d at 1160. For Ms. Boyce to have standing the petition would need to include an allegation that her interest in the Property vested before that date, which it fails to do by stating simply that she acquired title in October 2014.

Petitioner Boyce has failed to sufficiently allege facts to establish that she has standing under 21 U.S.C. § 853(n)(6), and therefore, Plaintiff's motion to dismiss the petition is GRANTED.

---

[1] 21 U.S.C. § 853(a) provides:
Any person convicted of a violation of this title or title III punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and
(3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

IT IS SO ORDERED this 3rd day of September, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE